IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Lewis T. Babcock

Civil Action No. 16-cv-01822-LTB

WILDERNESS WORKSHOP, et al.,

    Petitioners,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, et al.,

    Respondents.

## SETTLEMENT AGREEMENT

Petitioners Wilderness Workshop, Western Colorado Congress, Natural Resources Defense Council and Sierra Club ("Petitioners ") and Respondents United States Bureau of Land Management ("BLM"), David Bernhardt, in his official capacity as Secretary of the Interior, Casey Hammond, in his official capacity as Principal Deputy Assistant Secretary – Land and Minerals Management, Jamie Connell, in her official capacity as BLM's Colorado State Director, and Larry Sandoval, in his official capacity as Field Manager for the Colorado River Valley Field Office of the BLM ("Respondents") (together with Petitioners, "the Parties") have reached an agreement to resolve this case, with the Parties agreeing to undertake and perform the measures set forth in this stipulated Settlement Agreement ("Agreement").

Whereas, on July 18, 2016, Petitioners brought this action challenging BLM's June 12, 2015 adoption of the Approved Resource Management Plan ("RMP") for the Colorado River Valley Field Office ("CRVFO") and Final Environmental Impact Statement ("Colorado River

Valley EIS" or "EIS") through a Record of Decision ("ROD"). Petitioners alleged violations of the National Environmental Policy Act ("NEPA");

Whereas, Respondents deny any violations of law;

Whereas, on October 16, 2018, the Court granted in part and denied in part Petitioners' merits brief, finding that Respondents had violated NEPA by failing to take a hard look at the impacts of greenhouse gas emissions and failing to consider the reasonable alternatives to oil and gas leasing and development, when adopting the RMP, ROD and EIS;

Whereas, the Court ordered additional briefing as to the appropriate remedy while deferring a final ruling;

Whereas, the Parties thereafter engaged in negotiations to determine if they could amicably resolve the issue of remedy. The Parties believe it is in the best interest of the public, the Parties, and judicial economy to resolve the issue of remedy and have reached agreement as to remedy and related issues as embodied in this Agreement;

THEREFORE, the Parties agree and stipulate as follows:

1. The Parties agree to a partial remand without vacatur of the EIS and ROD, so that Respondents may address those portions of the RMP, EIS and ROD that are affected by the deficiencies identified by the Court in its order of October 16, 2018.

2. During remand, Respondents agree to prepare a Supplemental EIS, which will address the deficiencies identified by the Court.

3. Respondents agree to comply with all relevant requirements of NEPA, including requirements for public notice and comment.

4. Following issuance of the final Supplemental EIS, Respondents agree to issue a new decision document that will amend or supersede the existing ROD to the extent determined necessary or appropriate by Respondents.

5.   Pending issuance of the new decision document, Respondents agree to not hold any oil or gas lease sales within the CRVFO RMP decision area;

6.   Pending issuance of the new decision document, Respondents agree to file with the Court quarterly written reports regarding the status of proceedings on remand.

7.   This Agreement is the result of compromise and settlement, and it is based on and limited solely to the facts involved in this case. This Agreement does not represent an admission by any party to any fact, claim, or defense concerning any issue in this case. Further, this Agreement has no precedential value and shall not be used as evidence by any Party in any other litigation except as necessary to enforce the terms of the Agreement.

8.   The Parties agree that they will submit to the Court the accompanying stipulation of dismissal and proposed order dismissing the case with prejudice pursuant to Fed. R. Civ. P. 41 within 3 days of execution of this Agreement. The Court shall retain jurisdiction solely for the purposes of determining compliance with this Agreement and any motion for attorneys' fees and costs filed by Petitioners in accordance with the Equal Access to Justice Act. If the Court does not dismiss the case, the Agreement is voidable by any party. The Parties agree that they will notify the Court within 14 days after BLM's issuance of a new decision document. In the event of a dispute arising out of or relating to this Agreement, or in the event that a party believes another party has failed to comply with any term or condition of this Agreement, the party raising the dispute or seeking enforcement shall provide the other parties with written notice of the claim. The Parties agree that they will meet and confer (either telephonically or in person) in a good faith effort to resolve any requests, disputes, or claims before seeking further relief. If the Parties are unable to resolve the request, dispute, or claim themselves within 60 days of the receipt of the written notice of a request, dispute or claim (or such longer time to which they

agree), then the Parties may seek relief from this Court. The Parties agree that they will not seek contempt of court as an available remedy for any alleged violation of this Agreement, and the Parties therefore knowingly waive any right they might have to seek an order of contempt for any such alleged violation.

9. Any challenge to the adequacy of the Supplemental EIS and decision document required by this Agreement must take the form of a new civil action under the judicial review provisions of the Administrative Procedure Act, and may not be asserted as a claim for violation of this Agreement or in a motion to enforce the terms of this Agreement. Nothing in this Agreement precludes Petitioners from raising any claims against the Supplemental EIS and decision document that arise subsequent to the effective date of this Agreement.

10. The undersigned representatives of the Petitioners and Respondents certify that they are fully authorized by the respective Parties whom they represent to enter into the terms and conditions of this Agreement and to legally bind such Parties to it.

11. This Agreement represents the entirety of the undersigned Parties' commitments with regard to settlement. Paragraphs 1-6 and 9-10 of this Agreement shall become binding on the Parties only upon the Court's entry of the accompanying proposed order dismissing the case with prejudice pursuant to Fed. R. Civ. P. 41. That order shall incorporate by reference the terms of this Agreement.

Respectfully submitted this 16th of September 2019.

_____
Kyle Tisdel
Western Environmental Law Center
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
Tel: (575) 613-8050
tisdel@westernlaw.org

_____
Caitlin Cipicchio
U.S. Department of Justice
Environment & Natural Resources Div.
150 M St. NE
Washington, D.C. 20002
Tel: (202) 305-0503

caitlin.cipicchio@usdoj.gov

*Attorney for Federal Respondents*

Laura H. King
Western Environmental Law Center
103 Reader's Alley
Helena, MO 59601
Tel: (406) 204-4852
king@westernlaw.org

*Attorneys for Plaintiffs*

5